IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAY R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil No. 20-10159 (RMB) <br><br> **OPINION** |

**APPEARANCES**

Richard Lowell Frankel
Bross & Frankel, PA
725 Kenilworth Avenue
Cherry Hill, New Jersey 08002

 *On behalf of Plaintiff*

Heather Tashman Fritts
Social Security Administration
Office of the General Counsel
300 Spring Garden Street, 6th Floor
Philadelphia, Pennsylvania 19123

 *On behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge**

 This matter comes before the Court upon an appeal filed by Plaintiff Jay R. seeking judicial review of the final determination of the Commissioner of the Social Security Administration (the "Commissioner" and the "SSA," respectively), which

denied Plaintiff's applications for Social Security Disability benefits. For the reasons set forth herein, the Court will affirm the decision of the Administrative Law Judge ("ALJ").

I. PROCEDURAL HISTORY

On March 7, 2017, Plaintiff protectively filed an application for Social Security Disability benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of disability beginning November 7, 2016. [R. at 10.] The claim was first denied on June 16, 2017, and again denied upon reconsideration on August 1, 2017. [*Id.*] On August 18, 2017, Plaintiff filed a written request for a hearing before an ALJ. [*Id.*] That hearing took place on March 1, 2019. [*Id.*] Plaintiff was represented by Kathryne Pope, an attorney, at that hearing, at which the ALJ heard testimony from Plaintiff and impartial vocational expert Brian Daly. [*Id.*]

On April 10, 2019, the ALJ issued a decision denying Plaintiff's claim for benefits. [R. at 10–19.] Plaintiff requested Appeals Council review of that decision on July 13, 2019. [R. at 160.] That Request was denied by the Appeals Council on June 4, 2020, rendering the ALJ's decision final. [R. at 1–3.] Plaintiff now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

II. STANDARD OF REVIEW

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 208 n.10 (3d Cir. 2019); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "more than a mere

2

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Albert Einstein Med. Ctr. v. Sebelius*, 566 F.3d 368, 372 (3d Cir. 2009).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. *See Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. *Hess*, 931 F.3d at 208 n.10 (citing *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i–v). The

3

claimant bears the burden of proof at steps one through four, whereas the Commissioner bears the burden of proof at step five. *Hess*, 931 F.3d at 201. Recently, the Third Circuit described the ALJ's role in the Commissioner's inquiry at each step of the analysis:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. *Id.* Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations." [*Smith v. Comm'r of Soc. Sec.*], 631 F.3d [632, 634 (3d Cir. 2010)]. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.
>
> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] . . . age, education, and work experience." *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert."

>*Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

*Hess*, 931 F.3d at 201–02 (some alterations omitted).

### III.   FACTUAL BACKGROUND

The Court recites only the facts that are necessary to its determination on appeal, which is narrow. Plaintiff, who was born on June 1, 1957, was 59 years and 5 months old—and therefore "an individual of advanced age"—on the alleged onset date. [R. at 18.] He was 62 years old—and therefore an individual "closely approaching retirement age"—at the time of his administrative hearing on March 1, 2019. [*Id.*] Plaintiff met the insured status requirements of the Social Security Act through December 31, 2021, meaning that he must establish disability on or before that date to be entitled to benefits. [*See* R. at 12.]

### A.   Plaintiff's Educational and Work History

"Plaintiff has at least a high school education and is able to communicate in English." [R. at 18.] He has past relevant work as a warehouse manager and as a cleaner, both of which were "light work," although the cleaner position was "performed up to medium exertion." [R. at 17–18.] The ALJ found that Plaintiff did not engage in substantial gainful activity after the alleged onset date of November 7, 2016. [R. at 12.]

### B. Plaintiff's Medical History

Plaintiff suffers from the following mental impairments, which the ALJ determined to be severe: degenerative disc disease of the cervical spine and degenerative disc disease of the lumbar spine. [*Id.*] He also suffers from numerous physical and mental impairments that the ALJ determined not to be severe: asthma, hypertension, hyperlipidemia, GERD, and depression. [*Id.*]

### C. The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in gainful activity November 7, 2016. [*Id.*]

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical spine and degenerative disc disease of the lumbar spine. [*Id.*] The ALJ also noted several non-severe physical and mental impairments. [*Id.*]

At step three, the ALJ found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." [R. at 13–14.]

At step four, the ALJ found that, during the relevant period, Plaintiff had the RFC

> To perform sedentary work as defined in 20 CFR 404.1567(a) except he can occasionally climb ramps, stairs, ladders, ropes and scaffolds; and can occasionally balance, stoop, kneel, crouch and crawl.

6

[R. at 14–17.] The ALJ also found that Plaintiff "is unable to perform any past relevant work." [R. at 17–18.]

At step five, the ALJ found that "the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." [R. at 18–19.] Specifically, the ALJ adopted the VE's testimony that Plaintiff could perform work "as an industrial order clerk (DOT # 221.367-022), which is sedentary work, SVP-4; as an office manager (DOT # 169.167-034), which is sedentary work, SVP-7; and as a procurement clerk (DOT # 249.367-066), which is sedentary work, SVP-4." [*Id.*] The ALJ also adopted the VE's testimony "that these jobs exist in numbers in the national economy, 19,315, 32,976 and 24,972, respectively." [*Id.*] Therefore, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from November 7m 2016, through [April 10, 2019]." [R. at 19.]

## IV.   DISCUSSION

Plaintiff raises three arguments in support of remanding this case. First, he argues that "[t]he ALJ erred in finding Plaintiff's anxiety and depression non-severe at Step Two and compounded that error by failing to appropriately address the Plaintiff's mental health limitations in her RFC determination and by failing to incorporate any limitations secondary to the Plaintiff's medications." [Docket No. 13, at 12–16.] Second, he argues that "[t]he ALJ erred by failing to incorporate limitations consistent with the Plaintiff's severe impairment of cervical degenerative disc disease in the RFC." [*Id.* at 16–19.] Finally, Plaintiff argues that "[t]he ALJ

7

erred in her treatment of the medical opinion evidence." [*Id.* at 19–22.] The Court will address each argument in turn.

### A. Weight Afforded to Medical Opinions

The Court will address Plaintiff's final argument—that the ALJ erred in considering the medical opinions—first, as his other arguments rely heavily on challenging the ALJ's consideration of the medical opinions. As Plaintiff notes, an ALJ "must 'explicitly' weigh all relevant, probative and available evidence" and "provide some explanation for a rejection of probative evidence which would suggest a contrary disposition." *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (quoting *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979)). The ALJ "may properly accept some parts of the medical evidence and reject other parts, but she must consider all the evidence and give some reason for discounting the evidence she rejects." *Id.* (citing *Stewart v. Secretary of H.E.W.*, 714 F.2d 287, 290 (3d Cir. 1983)).

Here, Plaintiff argues that the ALJ's reasons for not giving Dr. Yudin's opinion "controlling weight," [R. at 16–17], did not satisfy the above standards. But, in fact, the ALJ did exactly what he was required to do. He explicitly considered Dr. Yudin's opinion and provided "some explanation" for rejecting it: it was inconsistent with the record evidence. [*Id.*] Plaintiff argues that this explanation was insufficient because it was nothing more than "a blanket statement without a more meaningful discussion of the evidence, or [an] offering [of] any evidence to the contrary of the opinion of Dr. Yudin." [Docket No. 13, at 20.] But this flies in the face of the ALJ's written decision. The ALJ specifically noted that, contrary to Dr. Yudin's opinion,

8

the record evidence "denoted tenderness to lumbar spine only with no evaluation of range of motion or neurological impairments," lacked any "report of headaches or sleep disturbance," and was "negative for decreased concentration, dysphoric mood, sleep disturbance, behavioral problems or anxiety." [R. at 16; *see also* Docket No. 14, at 9–10 (listing the evidence the ALJ relied on).] Plaintiff argues that the ALJ's conclusion is erroneous because he failed to address the evidence on which Dr. Yudin relied in formulating his opinion. [Docket No. 13, at 20–21.] This argument is unsuccessful because, as the Court has stated, the ALJ adequately considered Dr. Yudin's conclusions with the weight of the evidence and found that Dr. Yudin's conclusions were not supported by the record evidence. This is within the province of the ALJ, and Plaintiff's arguments to the contrary are unconvincing. In sum, Plaintiff's arguments about the weight of the evidence are unsuccessful because the ALJ adequately considered the conflicting evidence in coming to his conclusion, as he was required to do.

    **B.**    **Severity and Effect of Plaintiff's Impairments**

Plaintiff's next line of arguments has three threads: (1) the ALJ erroneously ruled that Plaintiff's anxiety and depression were non-severe impairments; (2) even if Plaintiff's mental impairments were non-severe, the ALJ erred by failing to incorporate Plaintiff's mental-impairments-based limitations in the RFC; and (3) the ALJ erred by failing to consider the side effects of Plaintiff's medication in the RFC determination. [*Id.* at 12–16.]

Plaintiff's arguments essentially boil down to the contention that the ALJ's conclusions on the above three threads did not comport with Dr. Yudin's opinion. [*Id.* at 13–16.] As noted above, "it is clearly within the ALJ's statutory authority to choose whom to credit when witnesses give conflicting testimony." *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993).

Regarding the first argument, the ALJ was responsible for assessing how severely, if at all, Plaintiff's mental impairments limited him in the following areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting or maintaining pace; and adapting or managing oneself. *See* 20 C.F.R. § 404, Subpart P, Appendix 1, Part A, § 12.00(A)(2)(b). The severity for each of those areas can be no limitation, mild limitation, moderate limitation, marked limitation, or extreme limitation. *Id.* To meet the Listings of Impairments requirements, a claimant's mental impairments "must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." *Id.*

The ALJ held that Plaintiff's mental impairments only constituted "mild," as opposed to "marked" or "extreme," limitations in each of the areas of mental functioning. [*See* R. at 12–13.] Plaintiff argues that this finding is not supported by substantial evidence, relying substantially on statements by Dr. Yudin. [*See* Docket No. 13, at 13–14.] However, as the Court already noted, the ALJ explicitly considered Dr. Yudin's opinion and determined that they did not warrant "controlling weight" because they were "not wholly supported by the medical

10

evidence of record." [R. at 16–17.] Instead, the ALJ gave "great weight" to the opinions of Dr. Eisner and Dr. Eckardt, two impartial medical consultants who agreed that Plaintiff's mental impairments were not severe. [R. at 17.] Those opinions, the ALJ determined, "are supported with explanations therein and are generally consistent both internally and with the substantial evidence of record," which indicates that Plaintiff did not suffer from "decreased concentration, dysphoric mood, sleep disturbance, behavioral problems or anxiety" and has not sought treatment for his depression and anxiety. [R. at 16–17.] Plaintiff makes no argument that the ALJ erred in determining how much weight to afford the relevant evidence, but rather simply attempts to point to the evidence that best supports his position. [*See* Docket No. 13, at 13–14.] Such a limited view of the evidence is insufficient to find that the ALJ's decision was not supported by substantial evidence. Rather, the Court will hold that the ALJ's analysis appropriately considered all of the evidence and his conclusion regarding the non-severity of Plaintiff's mental health impairments was appropriate. Therefore, the Court will not remand on this argument.

Next, Plaintiff argues that the ALJ's RFC failed to incorporate the limitations that Plaintiff suffers from his non-severe mental impairments. [*Id.* at 14–15.] Plaintiff is correct that the ALJ must consider all of a claimant's impairments, whether severe or non-severe, when formulating the RFC. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as

11

explained in §§ 404.1520(c), 404.1421, and 404.1523, when we assess your residual functional capacity."). However, as discussed above, the ALJ did consider Plaintiff's non-severe impairments. He weighed the evidence and found that it supported the conclusion that Plaintiff's non-severe mental impairments were merely "mild." [*See* R. at 16.] In short, as with his first argument, Plaintiff is effectively arguing that the ALJ should have afforded Dr. Yudin's opinion the highest amount of weight. [*See* Docket No. 13, at 14–15.] The ALJ did not do that, however, and Plaintiff has not presented a sufficient argument that doing so was erroneous. Therefore, the Court will reject this argument, too.

      Finally, Plaintiff argues that the ALJ erred by failing to consider the side effects of Plaintiff's medication in the RFC determination. [*Id.* at 15–16.] Specifically, Plaintiff contends that his medication "can cause significant drowsiness or fatigue," which Dr. Yudin also opined. [*See id.*] However, as with the previous two arguments, this argument fails because the ALJ afforded Plaintiff's testimony and Dr. Yudin's opinion limited weight because they was not supported by the record evidence. Rather, the ALJ afforded "great weight" to Dr. Eisner's and Dr. Eckardt's opinions and "partial weight" to Dr. Feman's and Dr. Udomsaph's opinions, all of which pointed to the finding that Plaintiff's medication did not result in side effects severe enough to affect Plaintiff's RFC. [*See* R. at 16–17.] Therefore, the Court will also reject this argument.

## C. Plaintiff's RFC Determination

Plaintiff's final remaining argument is that "the ALJ failed to consider . . . Plaintiff's impairments as they relate to the use of his arms and hands, and that impact on his ability to perform work at the sedentary level." [Docket No. 13, at 17–19.] Once again, however, the Court finds that the ALJ appropriately weighed the record evidence and concluded that the RFC adequately incorporated all of the accommodations needed for Plaintiff's limitations. As above, Plaintiff points only to the evidence that supports his argument—namely his own testimony and Dr. Yudin's opinion. [*See id.*] But the ALJ afforded limited weight to those pieces of evidence and concluded that they did not conform with the record evidence. The ALJ thoroughly considered the physical limitations caused by Plaintiff's impairments in his written decision and concluded that the record evidence supported the RFC. While Plaintiff would have liked the ALJ to rely more heavily on the evidence that supports Plaintiff's position, the ALJ's decision nevertheless was supported by substantial evidence. Resultingly, Plaintiff's argument fails.

## V. CONCLUSION

In summary, each of Plaintiff's arguments fails in this case because the ALJ's decision was supported by substantial evidence. It is clear from the ALJ's written decision that he carefully considered all of the record evidence in coming to his conclusion. He noted conflicting evidence and, as was his responsibility, made factual findings in light of those contradictions. The ALJ appropriately determined which testimony and evidence deserved more weight and based his conclusions on

13

the relevant evidence. Plaintiff's arguments essentially boil down to the fact that Plaintiff believes the ALJ should have afforded more weight to Plaintiff's testimony and Dr. Yudin's opinion. However, the bases for reversing how the ALJ weighed the evidence are limited, and Plaintiff failed to satisfy that standard here. As a result, the Court will affirm the ALJ's decision. An accompanying Order shall issue.

<u>December 28, 2021</u>                                       <u>s/Renée Marie Bumb</u>
Date                                                                           Renée Marie Bumb
                                                                                    United States District Judge